# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiff

v.

RAYMOND W. CRIHFIELD; LISA A. CRIHFIELD; and AMBER L. CRIHFIELD,

    Defendants

Case No.: 2:17-cv-02854-APG-GWF

**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS AND (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

[ECF Nos. 17, 27]

    Plaintiff United States of America filed this lawsuit to reduce to judgment unpaid federal income tax assessments owed by Raymond and Lisa Crihfield ("taxpayers"), and to foreclose its tax liens on two parcels of real property to satisfy the tax liability. ECF No. 1. The Government moves for summary judgment on its claims, arguing that it has proven tax assessments against the taxpayers and holds valid tax liens on the properties. ECF No. 17. Raymond Crihfield moves to dismiss the Government's claims as untimely. ECF No. 27.

    The parties are familiar with the facts, and I will not repeat them here except where necessary to resolve the motions. The Government's claims are not barred by the relevant statute of limitations, so I deny Crihfield's motion to dismiss. Because no genuine dispute remains that the Government has assessed taxes against the taxpayers and has valid tax liens on the properties, I grant summary judgment in favor of the Government on its claims.

## I. BACKGROUND

    The Government filed a complaint to reduce to judgment income tax and related assessments made against Raymond Crihfield and Lisa Crihfield for the 2003, 2004, 2006, 2007, 2009, 2010, and 2011 tax years. ECF No. 1 at 14. The tax liabilities for 2006, 2007, 2009, 2010,

and 2011 derive from the amounts that the taxpayers reported on their federal income tax returns for those years plus accrued interest and penalties. ECF Nos. 19-3 through 19-7. The tax liabilities for the 2003 and 2004 tax years are based on an IRS audit and subsequent adjustments made at the administrative level by the IRS Appeals Office. ECF Nos. 19-1; 19-2. The taxpayers signed a form accepting the IRS Appeals Office's adjustments regarding tax years 2003 and 2004. ECF No. 20-2.

The Government also seeks to foreclose its tax liens arising from the assessments against two real properties denominated as the Hardy property and the Windsong property. ECF No. 1 at 14-15, 17-18. The Government seeks an order directing the sale of the Hardy and Windsong properties to pay the taxpayers' federal tax liabilities. *Id.* at 18-19. It is undisputed that the taxpayers own the Hardy property, which houses their principal residence. ECF Nos. 1 at 4; 4 at 2. The IRS recorded Notices of Federal Tax Lien on September 27, 2010 and January 31, 2011. ECF Nos. 19-10; 19-11. On October 25, 2011, the taxpayers transferred the Windsong property by quitclaim deed to their daughter, Amber Crihfield. ECF No. 19-12. Amber Crihfield avers in a declaration that she has no ownership or other legal interest in the Windsong property. ECF No. 18.

**II. DISCUSSION**

In the motion to dismiss and response to the Government's motion for summary judgment, Raymond Crihfield purports to represent both himself and his wife, Lisa Crihfield. ECF Nos. 27, 31. However, the ability to represent oneself in a proceeding under 28 U.S.C. § 1654 is personal to each litigant and does not permit a pro se litigant to represent other parties. *Simon v. Hartford Life & Accident Ins. Co.*, 546 F.3d 661, 664 (9th Cir. 2008). As a result, only Raymond Crihfield has moved to dismiss and responded to the Government's motion for

summary judgment. Lisa Crihfield and Amber Crihfield have not moved to dismiss or responded to the Government's motion.

**A. Defendant Raymond Crihfield's Motion to Dismiss**

Raymond Crihfield argues that the Government's claims are untimely because a ten-year limitation period applies, and thus the IRS's assessments regarding the 2003, 2004, 2005, 2006, and 2007 tax years are time-barred. The Government responds that the limitations period is measured from the year in which the tax assessment was made, rather than the specific tax year at issue. So while tax years 2003-2007 fall outside the ten-year period before the 2017 filing of the complaint, the claims are timely given the dates of the assessments.

A claim may be dismissed as untimely "only when the running of the statute [of limitations] is apparent on the face of the complaint. *United States ex rel. Air Control Techs. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quotation omitted). Under 26 U.S.C. § 6502(a)(1), "the assessment of any tax . . . may be collected by levy or by a proceeding in court . . . within 10 years after the assessment of the tax." The statute makes no mention of the tax year for which an assessment was made. As a result, the fact that tax years 2003-2007 fall outside the ten-year statutory window prescribed by § 6502 is not dispositive of whether assessments for those years are barred. Rather, the date of assessment, not the date the taxpayers filed the return, controls. *United States v. Asiru*, 222 Fed. Appx. 584, 586 (9th Cir. 2007); *see also Remington v. United States*, 210 F.3d 281, 284 (5th Cir. 2000).

The earliest assessment the Government seeks to collect in this case was made on November 7, 2007. *See* ECF No. 20 at 4. As this and all other assessments fall within the ten-year period prior to the November 14, 2017 filing of the complaint, none is barred by the statute of limitations. Because it is not apparent from the face of the complaint that the statute of limitations has run for any of the assessments at issue, I deny the motion to dismiss.

3

**B. Government's Motion for Summary Judgment**

Summary judgment is appropriate where the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of production in identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to point to evidence in the record establishing the existence of a genuine issue for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000). Once the moving party has met its burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**1. First Claim for Relief**

The Government argues that it is entitled to summary judgment on its claim to reduce to judgment the assessments made against Raymond and Lisa Crihfield for the 2003, 2004, 2006, 2007, 2009, 2010, and 2011 tax years because it has proven valid assessments. Raymond Crihfield responds by disputing the IRS's calculations as to how much tax liability is owed.

The Government has met its initial burden regarding the first claim in the complaint. The certified Certificates of Assessments and Payments (IRS Forms 4340) show valid tax assessments for the tax years 2003, 2004, 2006, 2007, 2009, 2010, and 2011. ECF Nos. 19-1 through 19-7. Forms 4340 are probative evidence sufficient to establish the tax assessments. *See Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). The Government has also submitted forms, known as INTSTDs, that show how interest and penalties have accrued and provide the current balance owed for each of the tax years and assessments in question. ECF Nos. 20-9 through 20-15.

4

Crihfield has failed to produce any evidence raising a disputed issue of material fact.  He asserts that documents that would show a genuine issue regarding the amounts owed are unavailable.  He also asserts that unspecified deductions would have been available to him for tax year 2011 that would reduce his overall tax liability by "10s of thousands," but he offers no detail as to which deductions would apply. ECF No. 27 at 3.  He does not assert, and the record does not reflect, that an amended form 1040 was filed for the 2011 tax year.  Even taking his assertions as true, with nothing in the record to support his contentions Crihfield has failed to show more than some metaphysical doubt as to any material fact. *F.T.C. v. Publ'g Clearing House, Inc*., 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.").  I therefore grant summary judgment in the Government's favor on the first claim in the complaint.  Raymond and Lisa Crihfield owe federal tax liabilities in the aggregate amount of $326,664.32 plus interest accruing after October 19, 2018.

**2. Second and Fifth Claims for Relief**

The Government argues that it is entitled to summary judgment on its second and fifth claims to foreclose federal tax liens on the Hardy and Windsong properties and to order the properties sold to pay the taxpayers' federal tax liabilities because the Government holds valid liens that have attached to the properties.  Crihfield did not respond to this portion of the motion.

The Government has met its initial burden regarding these claims.  The United States obtains a lien on all property belonging to a taxpayer who neglects or refuses to pay taxes after notice and demand. 26 U.S.C. § 6321.  This lien arises on the date of assessment and continues until the tax liability is satisfied. 26 U.S.C. § 6322.  The lien is effective against a taxpayer even without filing a notice of the lien. *See TKB Int'l, Inc. v. United States*, 995 F.2d 1460, 1463 (9th Cir. 1993) ("The creation of a tax lien does not require a filing of public notice, and, once

created, the tax lien is effective as against the taxpayer until" paid or time-barred); *Nesovic v. United States*, 71 F.3d 776, 778 (9th Cir. 1995) ("A federal tax lien attaches to a taxpayer's property when unpaid taxes are assessed . . . ." (quotation omitted)). Consequently, the United States holds valid tax liens against the Hardy property.

For a federal tax lien arising from an assessment to be valid against a bona fide purchaser for value of the property in question, a Notice of Federal Tax Lien (NFTL) must be filed. 26 U.S.C. §§ 6323(a), (f), (h)(6); *see also TKB Int'l, Inc.*, 995 F.2d at 1464. Once the IRS files an NFTL, subsequent transferees of property encumbered by the lien take title to the property subject to the lien. 26 U.S.C. § 6323(a).

The IRS recorded NFTLs on September 27, 2010 and January 31, 2011 for assessments made for the taxpayers' 2003, 2004, 2006, 2007, and 2009 tax years. ECF Nos. 19-10; 19-11. The taxpayers purportedly transferred the Windsong property to Amber Crihfield on October 25, 2011. The NFTLs were recorded before the transfer, so Amber Crihfield would have taken the property subject to the tax liens even if she was a bona fide purchaser for value. Because the tax liens attached to the Windsong property before the transfer to Amber Crihfield, the Government is entitled to foreclose its tax liens on that property. I therefore need not address the Government's alternative argument that Amber Crihfield is Raymond and Lisa Crihfield's nominee as title holder of that property. Consequently, I dismiss as moot counts three and four of the complaint.

Raymond Crihfield has failed to show that there is a dispute as to any issue of material fact that would necessitate the need for a trial. I therefore grant summary judgment in the Government's favor on the second and fifth claims in the complaint. The Government is instructed to provide a proposed order of foreclosure and sale.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Raymond Crihfield's motion to dismiss **(ECF No. 27) is DENIED**.

IT IS FURTHER ORDERED that plaintiff United States of America's motion for summary judgment **(ECF No. 17) is GRANTED**.

IT IS FURTHER ORDERED that on or before August 8, 2019, the United States of America shall file a proposed order of foreclosure and sale.

DATED this 8th day of July, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE