RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

CHARLES M. DUFFY
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6406
Facsimile: (202) 307-0054
charles.m.duffy@usdoj.gov

DAYLE ELIESON
United States Attorney
*Of Counsel*

*Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:17-cv-02854-APG-GWF |
| Plaintiff, | ) | |
| | ) | ORDER OF FORECLOSURE |
| v. | ) | AND JUDICIAL SALE |
| | ) | |
| RAYMOND W. CRIHFIELD; LISA A. | ) | |
| CRIHFIELD; AMBER L. CRIHFIELD; and | ) | |
| DISCOVER BANK | ) | |
| | ) | |
| Defendants. | ) | |

This Order of Foreclosure and Judicial Sale is entered pursuant to the provisions of 28

U.S.C. §§ 2001 and 2002 and 26 U.S.C. §§ 7402 and 7403. The Court hereby orders as follows:

1. On July 8, 2019, summary judgment was entered against Raymond W. Crihfield

and Lisa A. Crihfield (hereafter "the Crihfields") regarding their 2003, 2004, 2006, 2007, 2009,

2010 and 2011 federal income tax liabilities. *See* ECF #32. The aggregate amount of income

1

tax liabilities owed by the Crihfields for those years is $326,664.32 as of October 19, 2018, plus statutory interest accruing thereafter. *See* ECF #17, at page 8 (¶ 31) and ECF #20, at ¶¶ 49-55.

2. In its July 8, 2019 order, the Court also granted summary judgment regarding the United States' claim that it could foreclose its federal tax liens arising from the IRS assessments made against the Crihfields against two real properties that have been referred to in this matter as the "Hardy" and "Windsong" properties (also referred to below as the "subject properties"). *See* ECF #32.

3. The Hardy property is located at 3140 West Hardy Lane, Pahrump, Nevada 89048 and also is legally described as follows:

Parcel one Hundred Twenty-four (124) of CHARLESTON PARK RANCHOS UNIT NO. 1, recorded September 18, 1959 as File No. 32752 in Book C of Surveys, Page 279, Nye County, Nevada Records.

EXCEPTING THEREFROM all of its right, title and interest in and to all of the minerals, including gas, coal, oil and oil shales, as disclosed by Deed recorded December 11, 1959 as Document No. 33209 in Book 36, Page 221, Official Records, Nye County, Nevada.

Excepting therefrom the mobile home located thereon.

Assessor's Parcel Number: 28-682-01.

4. The Windsong property is located at 3021 West Windsong Lane, Pahrump, Nevada and also is legally described as follows:

Lot Thirty-Three (33) of GOLDEN SPRING RANCH UNIT NO. 1 as shown by map thereof recorded May 20, 1963 as File No. 44480 in the Office of the County Recorder of Nye County, Nevada.

Assessor's Parcel Number: 41-402-01.

5.      The United States has valid and subsisting tax liens on all property and rights to

property of the Crihfields, including the Hardy and Windsong properties, arising from the

assessments described in paragraph 48 of Complaint in this action, which tax liens are effective

as of the dates of those assessments.  The United States further protected its liens by filing

various Notices of Federal Tax Lien in the Nye County, Nevada, Recorder's Office.

6.      Section 7403 of Title 26 (U.S.C.) entitles the United States to enforce its liens

against the Hardy and Windsong properties in order to apply the proceeds towards the federal tax

liabilities of the Crihfields.

7.      The United States' federal tax liens against the Hardy and Windsong properties

are hereby foreclosed.

8.      The United States Marshal for the District of Nevada, his/her representative, or an

Internal Revenue Service Property Appraisal and Liquidation Specialist ("PALS") representative

is authorized and directed under 28 U.S.C. §§ 2001 and 2002 to offer for public sale and to sell

the Hardy and Windsong properties, free and clear of the right, title and interest of all parties to

this action and any successors in interest or transferees of those parties.  The United States may

choose either the United States Marshal or a PALS representative to carry out the sales under this

Order of Foreclosure and Judicial Sale and shall make the arrangements for any sales as set forth

in this Order.

9.      This Order of Foreclosure and Judicial Sale shall act as a special writ of execution

and no further orders or process from the Court shall be required.

10.     The United States Marshal for the District of Nevada, his/her representative, or a

PALS representative is authorized to have free access to the Hardy and Windsong properties and

to take all actions necessary to preserve those properties including, but not limited to, retaining a

locksmith or other person to change or install locks or other security devices on any part of the properties, until deeds to the subject properties is delivered to the ultimate purchaser(s).

11.      The terms and conditions of the sales shall be:

     a.      Except as otherwise stated herein, the sales of the Hardy and Windsong properties shall be by public auction to the highest bidder, free and clear of all liens and interests.

     b.      The sales shall be subject to all laws, ordinances, and governmental regulations (including building and zoning ordinances), affecting the premises, and easements and restrictions of record, if any.

     c.      The sales shall be held at the United States District Court for the District of Nevada on the premises of the subject properties, or at any other place in accordance with the provisions of 28 U.S.C. §§ 2001 and 2002, at a date and time announced by the United States Marshal, his/her representative, or a PALS representative.

     d.      Notice(s) of the sales shall be published once a week for at least four consecutive weeks before the sales in at least one newspaper regularly issued and of general circulation in Nye County, and, at the discretion of the Marshal, his/her representative, or a PALS representative, by any other notice deemed appropriate. The notice(s) of sales shall contain a description of the subject properties and shall contain the material terms and conditions of sale in this Order of Foreclosure and Judicial Sale.

     e.      The sales of the Hardy and Windsong properties is ordered pursuant to 26 U.S.C. §§ 7402, 7403 and 28 U.S.C. §§ 2001, 2002. State or local law

notice requirements for foreclosures or execution sales do not apply to a sale under federal law. Redemption rights under state or local law do not apply to the sales of the subject properties under federal law.

f.    The minimum bids will be set by the Internal Revenue Service for the sales of the Hardy and Windsong properties. If the minimum bids are not met or exceeded, the Marshal, his or her representative, or a PALS representative may, without further permission of this Court, and under the terms and conditions in this Order of Foreclosure and Judicial Sale, hold new public sales, if necessary, and reduce the minimum bid or sell to the highest bidder.

g.    The successful bidders for the subject properties shall be required to deposit at the time of sales with the Marshal, his/her representative, or a PALS representative, a minimum of ten percent of the minimum bid with the deposit to be made by cash or a certified or cashier's check payable to the United States District Court for the District of Nevada. Before being permitted to bid at the sales, bidders shall display to the Marshal, his/her representative, or a PALS representative proof that they are able to comply with this requirement. No bids will be received from any person(s) who have not presented proof that, if they are the successful bidder(s), they can make the deposit required by this order.

h.    The balance of the purchase price(s) for the subject properties is to be paid to the Marshal, his/her representative, or a PALS representative (whichever person is conducting the sales) within thirty (30) days after the

date the bid is accepted, by a certified or cashier's check payable to the

United States District Court for the District of Nevada. If the successful

bidder fails to fulfill this requirement, the deposits shall be forfeited and

shall be applied to cover the expenses of the sale, including commissions

due under 28 U.S.C. § 1921(c), with any amount remaining to be applied

to the unpaid federal tax liabilities of the Crihfields covered by the federal

tax liens at issue here. The subject properties shall again be offered for

sale under the terms and conditions of this Order of Foreclosure and

Judicial Sale or, in the alternative, sold to the second highest bidder. The

United States may bid as a credit against its judgment without tender of

cash.

i.   The sales of the Hardy and Windsong properties shall be subject to

confirmation by this Court. The Marshal, his/her representative, or a

PALS representative shall file a report or reports of the sales with this

Court within thirty (30) days after the Clerk notifies the United States that

the balance of the purchase price has been received into the Court's

registry.

j.   Upon confirmation of the sales, the Marshal, his/her representative, or

PALS representative shall promptly execute and deliver deeds of judicial

sales conveying the subject properties to the purchaser(s).

k.   The purchasers shall proceed to have the Nye County Recorder's   Office

record the transfer of the Hardy and Windsong properties upon that

county's register of title. The responsibility for recording the deeds with

the Nye County Recorder's Office, and the payment of all costs, fees, and

taxes of whatever kind related to the recording of such deed, shall be

borne exclusively by the purchasers as a term and condition of the sales.

l.   Upon confirmation of the sales, the interests in, liens against, or claims to,

the Hardy and Windsong properties that are held or asserted by any and all

parties to this action or any successors in interest or transferees of those

parties shall be discharged and extinguished.

12.   Until the Hardy and Windsong properties are sold, the Crihfields, their designee,

**and any occupant of the subject properties,** shall take all reasonable steps necessary to

preserve the such properties (including all buildings, improvements, fixtures and appurtenances

on the properties) in its current condition.


The Crihfields, their designee, and any occupant of the subject properties

shall not commit waste against the same nor cause nor permit anyone else to do so.  They shall

neither do anything that tends to reduce the value or marketability of the subject properties nor

cause nor permit anyone else to do so.  They shall not record any instruments, publish any notice,

or take any other action (such as running newspaper advertisements or posting signs) that may

directly or indirectly tend to adversely affect the value of the subject properties or that may tend

to deter or discourage potential bidders from participating in the public auction(s), nor shall they

cause or permit anyone else to do so.  **Violation of this paragraph shall be deemed a contempt**

**of court and punishable as such.**

13.   All persons occupying the Hardy and Windsong properties shall leave and vacate

permanently the properties within thirty (30) days of the date of this Order of Foreclosure and

Judicial Sale, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the subject properties). If any person fails or refuses to leave and vacate the subject properties by the time specified in this Order, the United States Marshal's Office is authorized to take whatever action it deems appropriate to remove such person or persons from the premises, whether or not the sales of such subject properties are being conducted by a PALS representative. Such action may include, but is not limited to, the use of reasonable force, and to enter and remain on the premises, including, but not limited to, the land, and any structures or vehicles thereon, for the purposes of executing this Order. The United States Marshal is further authorized and directed to arrest and/or evict from the premises any and all persons who obstruct, attempt to obstruct, or interfere or attempt to interfere in any way with the execution of this Order. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the subject properties, he/she shall relinquish possession and custody of the subject properties to the Internal Revenue Service, or its designee. No person shall be permitted to return to the subject properties and/or remain thereon without the express written authorization by the United States Marshal and/or the Internal Revenue Service, and/or the United States Department of Justice, or their respective representatives and/or designees. Unauthorized persons who re-enter the subject properties during the time this Order is in effect may be ejected by the United States Marshal without further order of this Court.

14. Notwithstanding the terms of the immediately preceding paragraph, if, after the sales of the Hardy and Windsong properties are confirmed by this Court, the properties remain occupied, a writ of assistance may, without further notice, be issued by the Clerk of Court to the purchaser(s) thereof.

15.     If any person fails or refuses to remove his or her personal property from the Hardy and Windsong properties by the time specified herein, the personal property remaining at or on the subject properties thereafter is deemed forfeited and abandoned, and the United States Marshal's Office or the PALS representative is authorized and directed to remove and dispose of it in any manner they see fit, including sale, in which case the proceeds of sale are to be applied first to the expenses of sale, and then to the federal tax liabilities of the Crihfields covered by the federal tax liens at issue here.

16.     The Marshal, his or her representative, or a PALS representative, shall deposit the amounts paid by the purchaser or purchasers of the subject properties into the registry of the court. Upon appropriate motion for disbursement or stipulation of the parties, the Court will disburse the funds in the following partial order of preference until these expenses and liens are satisfied:

       a.     First, to the IRS, for allowed costs and expenses of the sales, including any commissions due under 28 U.S.C. § 1921(c) and including an amount sufficient to cover the costs of any steps taken to secure or maintain the subject properties pending sale and confirmation by the Court;

       b.     Second, to Nye County for any and all liens it may have on the subject properties for unpaid real property taxes or special assessments at the time of sales;

c.    Lastly, to the United States of America to partially satisfy the federal tax

liabilities of the Crihfields covered by the federal tax liens at issue here

**IT IS SO ORDERED.**


_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE
Dated: July 24, 2019.